AO 245C (SCDC Rev.09/11) Sheet 1 - Amended Judgment in a Criminal Case         (NOTE: Identify Changes with Asterisks (*))

# United States District Court
## District of South Carolina

UNITED STATES OF AMERICA

vs.

**JEFFREY TODD SHOUP**

**Date of Original Judgment**: <u>May 31, 2011</u>
*(or Date of Last Amended Judgment)*

**AMENDED JUDGMENT IN A CRIMINAL CASE**

Case Number: **4:09CR1367-TLW-1**

USM Number: <u>20003-171</u>

<u>Michael A. Meetze, (AFPD)</u>
Defendant's Attorney

### Reason for Amendment:

☐ Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))

■ Reduction of Sentence for Changed Circumstances (Fed.R. Crim. P. 35(b))

☐ Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(a))

☐ Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

☐ Modification of Supervision Conditions (18 U.S.C. §3563(c) or 3583(e))

☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. §3582(c)(1))

☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. §3582(c)(2))

☐ Direct Motion to District Court Pursuant to ☐ 28 U.S.C.§2255 or ☐ 18 U.S.C.§3559(c)(7)

☐ Modification of Restitution Order (18 U.S.C.§3664)

### THE DEFENDANT:

■ pleaded guilty to Count <u>seven (7)</u> of the superseding indictment on <u>November 3, 2010</u>

☐ pleaded nolo contendere to Count(s) on which was accepted by the court.

☐ was found guilty on Count(s) on after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:1349 | Please see superseding indictment | 1/2009 | 7s |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s).

■ Counts <u>1-6 of the original and superseding indictments</u> ☐ is ■ are dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

<u>May 7, 2014</u>
Date of Imposition of Judgment

<u>s/Terry L. Wooten</u>
Signature of Judge

<u>Hon. Terry L. Wooten, Chief U.S. District Judge</u>
Name and Title of Judge

<u>May 19, 2014</u>
Date

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment                                          (NOTE: Identify Changes with Asterisks (*))

DEFENDANT: **JEFFREY TODD SHOUP**
CASE NUMBER: **4:09CR1367-TLW-1**

## IMPRISONMENT

   The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned  for a total term of eighty eight (88) months.
   **\*This matter came before the Court upon the Government's motion to reduce sentence pursuant to Rule 35b, and the Court having granted the same;**
   **IT IS ORDERED that the previous term of imprisonment of 88 months is hereby REDUCED, and the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of sixty-three (63) months.   All other conditions shall remain as previously imposed.**


■    The court makes the following recommendations to the  Bureau of Prisons.
The Court recommends that the defendant be evaluated and considered for any drug or alcohol treatment programs while incarcerated..

■        The defendant is remanded to the custody of the United States Marshal.


☐        The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
    ☐ as notified by the United States Marshal.


☐        The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on _____ .
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.


## RETURN

I have executed this Judgment as follows:


Defendant delivered on _____to _____at
_____ , with a certified copy of this judgment.

                                    _____
                                              UNITED STATES MARSHAL

                                    By _____
                                         DEPUTY UNITED STATES MARSHAL

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case          (NOTE: Identify Changes with Asterisks (*))
Sheet 3 - Supervised Release

---

DEFENDANT: **JEFFREY TODD SHOUP**
CASE NUMBER: **4:09CR1367-TLW-1**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years. While on supervised release, the defendant shall comply with the mandatory and standard conditions of supervision outlined in Title 18 U.S.C. § 3583(d). The defendant shall also comply with the following special conditions: 1. The defendant shall pay any unpaid restitution to the Clerk, U.S. District Court in the amount of $1000 per month beginning 30 days after release from confinement. The Court reserves the right to adjust payments based upon the defendant's ability to pay. Interest is waived on this amount. 2. The defendant shall provide financial information as requested by the U.S. Probation Office. 3. The defendant shall not open additional lines of credit or incur new credit charges or debt without the permission of the U.S. Probation Office.

The defendant shall not commit another federal, state or local crime.
The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  *(Check, if applicable.)*

☑   The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.  *(Check, if applicable.)*

☑   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐   The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.
The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer.
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)    the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11)    the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement  officer;
12)    the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)    as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCDC Rev. 09/11) Judgment in a Criminal Case
Sheet 4 - Criminal Monetary Penalties

DEFENDANT: **JEFFREY TODD SHOUP**
CASE NUMBER: **4:09CR1367-TLW-1**

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the total criminal monetary penalties under the schedule of payments on Sheet 5.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | **$ 100.00** | | $ 5,336,141.50 |

☐     The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case(AO245C)* will be entered after such determination.

■     The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| *SEE ATTACHED pages 6-9 | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| **TOTALS** | $_____ | $ 5,336,141.50 | |

☐     Restitution amount ordered pursuant to plea agreement     **$** _____

☐     The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f).  All of the payment options on Sheet 5 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

■     The court determined that the defendant does not have the ability to pay interest and it is ordered that:
　　　■     The interest requirement is waived for the ☐ fine ■ restitution.
　　　☐     The interest requirement for the ☐ fine ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B    (SCDC Rev. 9/11) Judgment in a Criminal Case
Sheet 5 - Schedule of Payments

DEFENDANT: **JEFFREY TODD SHOUP**
CASE NUMBER: **4:09CR1367-TLW-1**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ■ Lump sum payment of **$100.0**0 (special assessment) and  $5,336,141.50 restitution due immediately, balance due

☐ not later than _____ , or

■ in accordance with ☐ C, ■ D, or ☐ E, or ☐ F below: or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____(weekly, monthly, quarterly)  installments of $_____over a period of _____(e.g.,
months or years), to commence _____ *(30 or 60 days)*  after the date of this judgment; or

D ■  Payment in equal monthly installments of $1000, to commence *30 days)* after release from imprisonment to a term of
supervision; or

E ☐ Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment.  The
court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:


Unless the court has expressly ordered otherwise, if this judgment imposes  imprisonment, payment of criminal monetary penalties is due
during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate
Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount,
and corresponding payee, if appropriate.



☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

As directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment.

Payments shall be applied in the following order:  (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT NAME:    Jeffrey Todd Shoup
CASE NUMBER:        4:09CR01367-001TLW

## RESTITUTION PAYEES

| No. | Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|-----|---------------|------------------------|-------------------------------|------------------------------------------|
| 1 | Scott Alcutt | $10,000.00 | $5,000.00 | |
| 2 | James O. Baldwin, III | $40,000.00 | $20,000.00 | |
| 3 | Brian Bonsignore | $42,990.00 | $21,495.00 | |
| 4 | Harold Braswell | $14,375.00 | $7,187.50 | |
| 5 | Michael Brincefield | $86,990.00 | $43,495.00 | |
| 6 | William Brincefield | $75,000.00 | $37,500.00 | |
| 7 | Benjamin Bunce | $29,990.00 | $14,995.00 | |
| 8 | Mark Chapman | $36,000.00 | $18,000.00 | |
| 9 | Michael Clark | $27,000.00 | $13,500.00 | |
| 10 | Carol Conahan | $40,000.00 | $20,000.00 | |
| 11 | Joseph & Patricia Foley | $122,000.00 | $61,000.00 | |
| 12 | Stanley & Joyce Forman | $57,900.00 | $28,950.00 | |
| 13 | Davis Fort | $60,000.00 | $30,000.00 | |
| 14 | Jon Hill | $34,500.00 | $17,250.00 | |
| 15 | Jonathan Hood | $18,000.00 | $9,000.00 | |
| 16 | Richard Iacovelli | $32,490.00 | $16,245.00 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT NAME:    Jeffrey Todd Shoup
CASE NUMBER:        4:09CR01367-001TLW

| 17 | KLR Investment Group, LLC | $40,000.00 | $20,000.00 | |
| 18 | Jean Keamy | $31,990.00 | $15,995.00 | |
| 19 | Barbara Kellner | $19,900.00 | $9,950.00 | |
| 20 | Patty Krukoff | $59,800.00 | $29,900.00 | |
| 21 | Eric Lapin | $80,000.00 | $40,000.00 | |
| 22 | Nancy MacKillop | $19,990.00 | $9,995.00 | |
| 23 | Margaret M. Mancuso | $49,990.00 | $24,995.00 | |
| 24 | Beverly Mandell | $17,990.00 | $8,995.00 | |
| 25 | Marlin Properties / James Kuzma & | $49,990.00 | $24,995.00 | |
| 26 | Mr. & Mrs. Martin McGarvey | $28,750.00 | $14,375.00 | |
| 27 | Ralph McKinney | $22,990.00 | $11,495.00 | |
| 28 | Steve Mendenhall | $14,375.00 | $7,187.50 | |
| 29 | Glenn Michaels Group | $2,950,000.00 | $1,475,000.00 | |
| 30 | James Murphree | $17,990.00 | $8,995.00 | |
| 31 | Michael Norris | $22,990.00 | $11,495.00 | |
| 32 | David Olchek | $40,000.00 | $20,000.00 | |
| 33 | Gary Ownbey | $80,900.00 | $40,450.00 | |
| 34 | Michael P. Orsini | $124,000.00 | $62,000.00 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT NAME:    Jeffrey Todd Shoup
CASE NUMBER:        4:09CR01367-001TLW

| 35 | Emmanuel & Zaharoula Papas | $4,300,000.00 | $2,150,000.00 | |
| 36 | Rory Payne | $50,000.00 | $25,000.00 | |
| 37 | Derek R. Peins | $11,667.00 | $5,833.50 | |
| 38 | Kurt R. Peins | $11,667.00 | $5,833.50 | |
| 39 | Robert Peins | $11,666.00 | $5,833.00 | |
| 40 | Gerald Pirozek | $30,000.00 | $15,000.00 | |
| 41 | Danny & Patricia Quinn | $20,000.00 | $10,000.00 | |
| 42 | John & Mary Romer | $26,990.00 | $13,495.00 | |
| 43 | Charles & Denise Russell | $500,000.00 | $250,000.00 | |
| 44 | Clement & Dawn Samaritano | $29,990.00 | $14,995.00 | |
| 45 | Roger Scarlett | $28,750.00 | $14,375.00 | |
| 46 | George Schlecht | $30,990.00 | $15,495.00 | |
| 47 | Rita Shane | $20,000.00 | $10,000.00 | |
| 48 | Doug Steinbrunner | $21,190.00 | $10,595.00 | |
| 49 | Pravinkumar V. Tailer | $160,000.00 | $80,000.00 | |
| 50 | Kenneth Tallmadge | $42,990.00 | $21,495.00 | |
| 51 | Timothy Ungaro | $83,549.00 | $41,774.50 | |
| 52 | Donald Waters | $76,980.00 | $38,490.00 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

| 53 | Martha S. Williams | $35,990.00 | $17,995.00 | |
| 54 | JP Morgan Chase Bank | $398,250.00 | $132,750.00 | |
| 55 | National City Bank | $66,350.00 | $22,117.00 | |
| 56 | Bank of America (formerly Countrywide | $375,000.00 | $125,000.00 | |
| 57 | Vertice - Legal Department | $331,875.00 | $110,625.00 | |
| | TOTAL | $11,062,774.00 | $5,336,141.50 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.